## AGREEMENT NOT TO ENGAGE IN A CERTAIN LINE OF BUSINESS.

Circuit Court of Cuyahoga County.

LEWIS T. SCHROEDER ET AL V. HARRY SCHULTZ ET AL.

Decided, December 28, 1908.

*Contracts in Partial Restraint of Trade—Enforced Only when Plain ᵣiolation Appears.*

1. Contracts in restraint of trade, though the restraint is partial only, are not looked upon with favor, are strictly · construed and are enforced only in clear cases, where material damage to the plaintiff is apparent and no irrevocable hardship will result to the defendant and others.

2. One who has agreed not to start in the express and moving business within a certain territory for five years, will not be enjoined from taking care of horses and driving them for his father, who is engaged in said business within the forbidden territory, even though the evidence shows he has solicited one order for business for his father within said territory.

*E. C. Schwan,* for plaintiff.

*Willis Vickery,* contra.

WINCH, J.; HENRY, J., and MARVIN, J., concur.

The prayer of the petition in this case is for an injunction to prevent the defendants from carrying on the moving, expressing and cartage business within a radius of two miles of the corner of Superior avenue and Addison road, N. E., in the city of Cleveland, Cuyahoga county, Ohio. The covenant upon which this action is based is contained in a bill of sale of certain vans, wagons and teams from the defendants to plaintiffs, expressed in the following language:

"It is also agreed that for a consideration of said seven hundred dollars, I, Harry Schultz, agree not to start in the express and moving business for a term of five years, within two miles of the corner of Superior avenue and Addison road, N. E."

Upon the hearing we found the fact to be, and so announced, that the business complained of within the forbidden territory

is owned and carried on by the father of the defendant, Harry Schultz. Harry is working for his father, taking care of his teams and wagons, driving, and, in one instance, has solicited an order within the forbidden territory.

Contracts even in partial restraint of trade are not looked upon with favor, are strictly construed and enforced only in clear cases, where material damage to the plaintiff is apparent and no irrevocable hardship will result to the defendant and others. *Harkinson's Appeal*, 78 Pa. St., 196 (21 Am. Rep., 9).

Under a strict construction of the clause of the contract quoted, defendants have not started in the express or moving business. The only feature of what Harry has done which might be so construed is his soliciting one order within the forbidden territory. There is nothing in the contract to forbid his taking care of horses and driving them, even though they be used in said business. Soliciting orders has been held to be no violation of an agreement not to carry on a certain business within certain limits, the question of whether this constitutes a breach of the contract being regarded as too doubtful. *Turner* v. *Evans*, 2 De Gex, M. & G., 740.

No material damage to plaintiff was shown in this case, but the situation of defendant's father is such, at this time, that we think he would be put to great inconvenience if deprived of his son's services. The son, too, should be permitted to earn an honest livelihood. We think there was no desire on his part to violate his agreement; if he was morally wrong in soliciting said order, it was a mistake or misconception of his duty, and not an intentional violation of his contract.

The current of authorities in this country and England seems to be against enforcing a contract such as we have here, to the extent of preventing the defendant from working for others in a similar business, unless the contract so specifies.

Because plaintiff's right is doubtful and little harm to him is shown, we decline to grant him the extraordinary relief of an injunction.

Petition is dismissed.